# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:03CV126-C

PETER FERRIGAN and WORLDWIDE )
CONSULTING SERVICES, INC., )
                                       )
        Plaintiffs, )
                                       )
        vs. )      **MEMORANDUM AND ORDER**
                                       )
AUTOMAX, LLC, CRAIG LOCKERD, )
GLEN CRAWFORD, ERNIE )
KASPORWICZ, MARK RICKART and )
GENE ROMO, )
                                       )
        Defendants. )
                                       )

       **THIS MATTER** is before the Court on the following motions and memoranda:

       1. Plaintiffs' "Motion for Reconsideration of ... Motion to Compel ..." (document #61) filed February 18, 2005;

       2. "Defendants' Motion to Compel ..." (document #62) and "Response to ... Motion for Reconsideration ..." (document #63), both filed March 7, 2005;

       3. "Plaintiffs' Reply ...[in support of] Motion for Reconsideration" (document #64) filed March 21, 2005;

       4. "Plaintiffs' Response to Motion to Compel ..." (document #65) filed March 25, 2005; and

       5. Plaintiffs' "Motion to Extend Discovery Deadlines ..." (document #71) filed May 16, 2006.

       On June 17, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motions are now ripe for determination.

       This is a copyright infringement action seeking damages and equitable relief. The Plaintiffs,

Peter Ferrigan and Worldwide Consulting Services, Inc., allege that the Defendants Automax, LLC, and its agents/employees Craig Lockerd, Glen Crawford, Ernie Kasporwicz, Mark Rickart and Gene Romo have infringed the Plaintiffs' registered copyright in a document entitled "Presentation and Training" which is used for training automobile sales personnel.

Relevant to the subject Motions, on August 19, 2004, the Plaintiffs served their First Set of Interrogatories and First Request for Production of Documents.

On December 12, 2004, and having received no response to their discovery requests, the Plaintiffs filed their Motion to Compel (document #50).

In their response to the Plaintiffs' initial Motion, the Defendants represented that they had responded or were in the process of responding to the outstanding discovery requests.

On January 20, 2005, the Honorable Graham C. Mullen, the District Judge to whom this case was then assigned, <u>denied</u> the Plaintiffs' Motion, concluding that based on the Defendants' representations contained in their responsive brief, an Order compelling production was unnecessary. See "Order" (document #52).[1]

On February 18, 2005, the Plaintiffs renewed their Motion to Compel through their "Motion for Reconsideration," contending that rather than submitting discovery responses on behalf of each Defendant, Defendant Automax had submitted a single set of responses to the Plaintiffs' Interrogatories purportedly on behalf of all Defendants, and that none of the Defendants had produced any documents.[2]

---

[1] On June 17, 2005, this matter was reassigned to the Honorable Robert J. Conrad, Jr., and referred to the undersigned Magistrate Judge.

[2] On September 7, 2005, Clerk's office staff noted on the docket that the Plaintiffs' Motion for Reconsideration was "terminated." However, Plaintiffs' counsel has informed chambers' staff that the Motion has not been withdrawn, the undersigned has not previously ruled upon the Motion, and there is no indication in the record that either of the presiding District Judges have ruled upon it. Accordingly, the undersigned has treated the

2

On March 7, 2005, the Defendants filed their Motion to Compel, alleging generally that the Plaintiffs' responses to Defendants' Interrogatories, Production of Documents and Request for Admissions were incomplete. The Defendants also contend that the Plaintiffs' Interrogatories are "virtually identical" as to Automax and the individual Defendants and that, therefore, a single response was sufficient, and that the Defendants have made all responsive documents available for copying at the Plaintiffs' expense. It is apparent from the record, however, that the parties' counsel have been unable to agree on a method for making the copies, that is, whether the Defendants would make the copies and send the Plaintiffs an invoice for the copying cost, or whether the Plaintiffs would make the copies themselves.

In their Response to the Defendants' Motion, the Plaintiffs represent that they have now fully responded to the Defendants' discovery requests.

The parties apparently conducted no other discovery in the interim, and on May 16, 2006, the date the discovery period was due to expire, the Plaintiffs filed their Motion to extend the deadline to July 15, 2006.

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

After careful consideration of the record, the undersigned concludes that in the event that the

Motion as "live."

3

individual Defendants wish to adopt Automax's responses to the Plaintiffs' Interrogatories, they must do so formally, as discussed below, but otherwise they must file separate responses. Similarly, the Plaintiffs will be required to supplement their discovery responses, by either providing additional responsive information and/or documents or stating formally that they have now fully responded to each of the Defendants' discovery responses.

Concerning the Plaintiffs' Request for Production of Documents, and in light of counsel's failure to resolve this minor issue in a collegial manner, the undersigned will require the Defendants to copy all responsive documents and forward them to Plaintiffs' counsel along with an invoice for the copying cost, and the Plaintiffs shall promptly pay the invoice as ordered below.

Finally, the undersigned specifically cautions the parties <u>and their respective counsel</u> that any further failure to respond to the opposing parties' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include the parties and/or their counsel being required to pay the opposing parties' costs, including reasonable attorney's fees, and <u>may also include entry of judgment in favor of the opposing parties</u>**.[3]

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Plaintiffs' "Motion for Reconsideration of ... Motion to Compel ..." (document #61) and the "Defendants' Motion to Compel ..." (document #62) are **GRANTED IN PART** and

---

[3]The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing dispositive sanctions. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

4

**DENIED IN PART**, that is, on or before June 9, 2006:

   a. the individual Defendants shall serve formal responses to the Plaintiffs' Interrogatories, by either adopting the responses previously served by Defendant Automax, LLC, or stating their individual responses to the Interrogatories;

   b. the Plaintiffs shall serve complete supplemental responses to the Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions, or otherwise aver that they have previously fully responded to those discovery requests; and

   c. the Defendants shall produce to the Plaintiffs copies of all documents responsive to the Plaintiffs' Request for Production of Documents, along with an invoice for the copying cost. Plaintiffs' counsel shall promptly serve a copy of the invoice on the Plaintiffs. Within 15 days of Plaintiffs' counsel's receipt of the invoice, the Plaintiffs shall remit to Defendants' counsel the full amount of the invoice.

   2. The Plaintiffs' "Motion to Extend Discovery Deadlines ..." (document #71) is **GRANTED** and the discovery deadline is extended until July 15, 2006. The dispositive motions deadline, presently set for that date, is extended until August 15, 2006.

   3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

   **SO ORDERED.**          Signed: May 17, 2006

                            _____
                            Carl Horn, III
                            United States Magistrate Judge