**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:03CV126-W**

| | |
|---|---|
| PETER FERRIGAN and WORLDWIDE ) <br> CONSULTING SERVICES, INC., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> AUTOMAX, LLC, CRAIG LOCKERD, ) <br> GLEN CRAWFORD, ERNIE ) <br> KASPORWICZ, MARK RICKART and ) <br> GENE ROMO, ) <br> ) <br> **Defendants.** ) <br> ) | <u>ORDER</u> |

**THIS MATTER** is before the Court on the "Defendants' Second Motion to Compel Supplemental [Discovery] Responses ..." (document #83) filed June 30, 2006; "Plaintiffs' Second Motion to Compel Discovery" (document #85) filed July 7, 2006; and "Plaintiffs Third Motion to Compel" (document #87) filed July 12, 2006.

This case has been characterized by an unusual degree of acrimony and contentiousness between both the parties and their respective counsel, culminating in the filing of the subject motions in which the parties accuse their opponents (and their counsel) of making factual misrepresentations to the Court and failing to comply with the Court's May 17, 2006 "Memorandum and Order" in which both the Plaintiffs and Defendants were <u>ordered</u> to serve various discovery responses.  See document #72 at 5 (<u>granting in part</u> and <u>denying in part</u> both Plaintiffs' "Motion for Reconsideration of ... Motion to Compel ..." (document #61) and "Defendants' Motion to Compel

..." (document #62).[1]

Accordingly, the undersigned has no alternative but to schedule an evidentiary hearing to determine the facts and to decide whether either or both of the parties <u>and/or counsel</u> should be ordered to pay the other's attorney's fees an expenses.

**NOW, THEREFORE, IT IS ORDERED:**

1. A hearing will be conducted during the undersigned's September 18, 2006 Civil Term, that is, on Tuesday, September 19, 2006, at 9:30 a.m., or as soon thereafter as the matter may be reached, in Courtroom Number One of the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina.

2. The parties and their counsel shall all be personally present for the hearing.

3. The hearing shall last no more than 90 minutes. Therefore, counsel should be prepared to present their factual evidence and make their arguments succinctly and efficiently. The parties and counsel should also be prepared to pay personally any award of attorneys' fees and costs (or other monetary sanctions) should the Court conclude that there is sufficient evidence of malfeasance or that either or both of the parties' actions or present posture is not sufficiently supported by the facts and the law.

4. <u>Counsel shall send a copy of this Order to their clients within 24 hours of its receipt with</u>

---

[1] In the same Order, the undersigned:

specifically caution[ed] the parties <u>and their respective counsel</u> that any further failure to respond to the opposing parties' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include the parties and/or their counsel being required to pay the opposing parties' costs, including reasonable attorney's fees, and <u>may also include entry of judgment in favor of the opposing parties</u>**.

Id. at 4 (emphasis in original).

<u>an explicit instruction advising their respective clients of their obligation to be present at the hearing</u>.

     5. The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

     **SO ORDERED**.

Signed: August 8, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge