# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:03CV126-W

| | |
|---|---|
| **PETER FERRIGAN and WORLDWIDE CONSULTING SERVICES, INC.,** ) ) ) **Plaintiffs,** ) ) vs. ) ) **AUTOMAX, LLC, CRAIG LOCKERD, GLEN CRAWFORD, ERNIE KASPORWICZ, MARK RICKART and GENE ROMO,** ) ) ) ) ) ) **Defendants.** ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Defendants' Second Motion to Compel Supplemental [Discovery] Responses ..." (document #83) filed June 30, 2006; "Plaintiffs' Second Motion to Compel Discovery" (document #85) filed July 7, 2006; "Plaintiffs Third Motion to Compel" (document #87) filed July 12, 2006; and "Plaintiffs' Motion to Strike Defendants' Improper Letter" (document #96) filed September 18, 2006; as well as the associated briefs and exhibits.

Pursuant to 28 U.S.C. §636(b)(1)(B), this matter has been referred to the undersigned Magistrate Judge, who on September 19, 2006 conducted a hearing attended by the Plaintiffs and their counsel, Jason S. Miller; and Defendants Automax, LLC, and Craig Lockerd, and Mark J. Manta, lead counsel of record for all Defendants, and John D. Cole, local defense counsel. Despite the fact that they had been <u>ordered</u> to attend the hearing, Defendants Glen Crawford, Ernie Kasporwicz, Mark Rickart and Gene Romo did not appear.

Having carefully considered the arguments of counsel, the record, and the applicable

authorities, the Court will <u>deny</u> both the Defendants' and Plaintiffs' "Second Motion[s] to Compel," and will <u>grant in part</u> and <u>deny in part</u> the Plaintiffs' "Third Motion to Compel."

As indicated at the conclusion of the September 19 hearing, the Court will also prohibit counsel from billing their clients for their time and expenses incurred in preparing for or attending the September 19 hearing, or for whatever time and expenses are required to bring themselves and their clients into full compliance with the Court's "Memorandum and Order" filed May 17, 2006, this Memorandum and Order, and the rules governing discovery in federal civil cases. However, because counsel have represented to chambers' staff that they have resolved their differences, and that they will exchange overdue discovery and mediate within thirty (30) days, the undersigned will <u>reserve judgment</u> on whether either Mr. Manta or Mr. Miller should be required to refund fees associated with the problematic conduct described below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a copyright infringement action in which the Plaintiffs, Peter Ferrigan and his closely-held business, Worldwide Consulting Services, Inc., allege that the Defendants Automax, LLC, its President Craig Lockerd, and its agents/employees Glen Crawford, Ernie Kasporwicz, Mark Rickart and Gene Romo, have infringed the Plaintiffs' registered copyright in a document entitled "Presentation and Training" which is used for training automobile sales personnel. Defendant Automax has filed counterclaims for deceptive trade practices, defamation, and intentional interference with contract, contending that the Plaintiffs have, among other things, stated falsely on their Internet website that Automax has violated their copyright.

Relevant to the subject Motions, on August 19, <u>2004</u>, the Plaintiffs served their First Set of Interrogatories and First Request for Production of Documents.

On December 12, 2004, having received no response to their discovery requests, the Plaintiffs filed their first Motion to Compel (document #50).

In response to the Plaintiffs' Motion to Compel, the Defendants represented that they had responded or were in the process of responding to the outstanding discovery requests.

On January 20, 2005, the Honorable Graham C. Mullen, the District Judge to whom this case was then assigned, <u>denied</u> the Plaintiffs' Motion, relying on representations in the Defendants' responsive brief that an Order compelling production was unnecessary. <u>See</u> "Order" (document #52).[1] At this point it is clear to the Court that Defendant's representation to Judge Mullen that the outstanding discovery had been provided was simply untrue.

On February 18, 2005, the Plaintiffs renewed their Motion to Compel through a "Motion for Reconsideration," contending that Defendant Automax had improperly submitted a single set of responses to the Plaintiffs' Interrogatories purportedly on behalf of all Defendants, and that none of the Defendants had produced any of the requested documents.

On March 7, 2005, the Defendants filed their first Motion to Compel, alleging generally that the Plaintiffs' responses to Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions were also incomplete. In response to the Plaintiffs' Motion to Compel, the Defendants also contended, incorrectly as a matter of law, that the Plaintiffs' Interrogatories propounded to Automax and the individual Defendants were "virtually identical," and therefore a a single response was sufficient. The Defendants further advised that all responsive documents available for copying at the Plaintiffs' expense.

In their Response to the Defendants' Motion to Compel, filed March 25, 2005, the Plaintiffs

---

[1]On June 17, 2005, this matter was reassigned to the Honorable Robert J. Conrad, Jr., and referred to the undersigned Magistrate Judge. On July 7, 2006, the case was reassigned to the Honorable Frank D. Whitney.

represented that they had by that date fully responded to the Defendants' discovery requests.

Contrary to their representations to the Court, however, counsel were unable to resolve their discovery disputes, conducting no other discovery in the interim. On May 16, 2006, the date the discovery period was due to expire, the Plaintiffs filed their "Motion to Extend [the] Discovery Deadline" (document #71) to July 15, 2006, which Motion also brought to the attention of the undersigned the outstanding discovery Motions and unresolved disputes.

The next day, on May 17, 2006, the Court <u>granted in part</u> and <u>denied in part</u> the parties' Motions, <u>ordering</u> the individual Defendants to serve formal responses to the Plaintiffs' Interrogatories no later than June 9, 2006 , by either adopting the responses previously served by Defendant Automax, LLC, or through individual responses to the Interrogatories, <u>and</u> to produce (at their expense) all documents responsive to the Plaintiffs' Request for Production of Documents. Similarly, by the same date, the Plaintiffs were <u>ordered</u> to serve complete supplemental responses to the Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions, or otherwise assure the Court that they had fully responded to those discovery requests. <u>See</u> "Memorandum and Order" (document #72) at 4-5.  The May 17, 2006 "Memorandum and Order" also extended the discovery deadline to July 15, 2006 and the dispositive motions deadline to August 15, 2006.  <u>Id.</u> at 5.

In the same Order, the Court:

> specifically caution[ed] the parties <u>and their respective counsel</u> that any further failure to respond to the opposing parties' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions.  **Sanctions can include the parties and/or their counsel being required to pay the opposing parties' costs, including reasonable attorney's fees, and <u>may also include entry of judgment in favor of the opposing parties</u>**.

4

Id. at 4 (emphasis in original).[2]

On June 30, 2006, the Defendants filed their "Second Motion to Compel," contending that the Plaintiffs had violated the Court's earlier Order by serving supplemental responses which included belated objections to the Defendants' discovery requests and/or by giving responses which were otherwise incomplete. In their "Response" to this Motion, the Plaintiffs stated generally that they had complied with the Court's Order and that the Defendants' allegations to the contrary were "false." Document #88 at 4 (emphasis in original).

On July 7, 2006, the Plaintiffs filed their "Second Motion to Compel Discovery," alleging that although the Defendants had produced some documents, they had not labeled those documents or otherwise indicated which Defendant was producing them or to which Request to Produce specific documents responded; and that only Defendant Crawford had filed responses to their Interrogatories.

On July 12, 2006, the Plaintiffs filed their "Third Motion to Compel," complaining that Defendants Lockerd, Kasporwicz, Rickart and Romo had refused to appear for their depositions.

In the Defendants' Response to the Plaintiffs' Second Motion to Compel, Mr. Manta contended (despite the fact that he has appeared as counsel of record for every Defendant throughout this litigation) that he could not "locate" Defendants Kasporwicz, Rickart, and Romo – which somehow led Mr. Manta to believe that he no longer represented them;[3] and conceded that he had

---

[2] The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing sanctions. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

[3] Equally mysterious and unexplained, somehow between filing the Response on July 21, 2006 and the September 19, 2006 hearing, Mr. Manta came to believe he once again represents Mr. Kasporwicz – although, as noted, only one of the three individual Defendants Mr. Manta understood himself to represent complied with the Court's Order to appear at the September 19 hearing.

5

neglected to have Defendant Lockerd's responses to the Interrogatories properly verified. Concerning the Plaintiffs' Third Motion to Compel, the Defendants accused Mr. Miller of seeking to gain an unfair advantage in this litigation by deposing the Defendants without first responding to their written discovery requests.

Concluding that there was no other avenue for resolving these factual discrepancies and getting this litigation "back on track," the undersigned scheduled a hearing, which was conducted as previously noted on September 19, 2006. See "Order" filed August 8, 2006 (document #95) (ordering counsel and parties to attend hearing).

On September 18, 2006, Mr. Manta sent a six-page letter by overnight mail to the undersigned's chambers, which the Court had not requested and which in the main merely rehashed the Defendants' earlier written arguments. Mr. Manta did emphasize one additional fact in this letter: that he has been unable to fully respond to the Plaintiffs' discovery requests, in part, because certain responsive documents are in the possession of his former law firm, which will not release those documents due to an ongoing fee dispute with Automax. See document #98.

In response to Mr. Manta's letter, the Plaintiffs filed their "Motion to Strike Defendants' Improper Letter." Although it makes no material contribution to the subject discovery disputes, the undersigned has considered Mr. Manta's letter, and Mr. Miller was given an opportunity to respond to it during the hearing. Accordingly, the Plaintiffs' Motion to Strike will be denied.

During the hearing, Mr. Manta stated that Mr. Lockerd still wishes for him to represent Mr. Kasporwicz, who has recently been "re-located," and consequently, that Defendants Rickart and Romo are the only Defendants that he now deems himself not to represent. Notwithstanding Mr. Manta's legally unsupported opinion of who are his clients, he conceded that he has made no attempt

to withdraw from representing any of the six Defendants, only two of whom (Mr. Lockerd in his personal capacity and on behalf of Automax) attended the hearing as <u>ordered</u>, and he offered no explanation of why two of the individual Defendants he acknowledged representing were absent in violation of the Court's August 8, 2006 Order.

Mr. Miller also credibly accused Mr. Manta of failing to answer most of approximately twenty letters addressing the subject discovery disputes – and with failing to return a single of numerous telephone calls (on the same subjects) <u>for more than one year</u>. In response, Mr. Manta stated only that he had responded to the Plaintiffs' Motions to Compel and deposition notices, essentially conceding that he had responded to few, if any, of Mr. Miller's attempts to resolve the subject discovery disputes informally. Indeed, Mr. Manta could recall only one occasion in the past year when he had spoken to Mr. Miller on the telephone, and that was in a call placed by Mr. Manta to discuss settlement. Mr. Miller also asserted, and Mr. Manta tacitly agreed, that despite being required by Local Rule 7.1(A) to address the Plaintiffs' allegedly insufficient discovery responses informally prior to filing either of the Defendants' Motions to Compel, Mr. Manta never raised those issues with Mr. Miller.[4]

The fault for the parties' and their counsels' failure to communicate does not, however, lie entirely with Mr. Manta. To the contrary, concerning the Defendants' production of unlabeled, unidentified documents, Mr. Manta maintained, and Mr. Miller did not dispute, that those documents were produced more than two years ago but that he had only "recently" complained that they were not properly marked.

Moreover, although Mr. Manta's failure to communicate with or to respond to counsel was

---

[4]Local Rule 7.1(A) provides in relevant part that "[a]ny motions ... should show that counsel have met and attempted to in good faith to resolve areas of disagreement...."

7

prolonged and egregious, it in no way justifies Mr. Miller's failure to comply fully with the Court's Orders. Nevertheless, Mr. Miller offered Mr. Manta's failure to communicate as the only purported justification for his (Mr. Miller's) untimely objections and his failure to fully comply with his clients' own discovery obligations. In addition to the shortcomings highlighted in Mr. Manta's recent letter – the Plaintiffs' failure to produce copyright information, telephone and fax records, and tax returns, for example – Mr. Manta also credibly stated that the Plaintiffs have failed to produce lists of customers, employees, independent contractors, and complaints which were within the scope of the Defendants' written discovery requests.[5]

Similarly, although the Defendants had been <u>ordered</u> to respond to all outstanding discovery on or before June 9, 2006, Mr. Manta conceded that the Defendants had still not served proper responses to the Plaintiffs' Requests for Production of Documents, that is, a written response properly identifying the documents previously "dumped" on the Plaintiffs, that he had not yet corrected his earlier error of submitting an unverified response on behalf of Defendant Lockerd, and that he had not submitted any responses to the Plaintiffs' Interrogatories from the <u>other</u> four individual Defendants – in direct disobedience of the Court's May 17, 2006 Order.

After hearing from and questioning Mr. Manta and Mr. Miller, the Court admonished both counsel for their unprofessional, contentious, and generally unpleasant conduct in this litigation. The undersigned also recommended that counsel not delay in attempting to resolve their remaining discovery disputes among issues themselves.

---

[5]As to the copyright documents and telephone/fax records, Mr. Miller offered that the Plaintiffs are willing to execute releases authorizing the Defendants to obtain those documents directly from their respective custodians, the United States Copyright Office and BellSouth, and that after discussion among counsel, the remaining matters could be resolved.

Counsel, along with Mr. Ferrigan and Mr. Lockerd, followed the Court's suggestion, meeting for approximately 90 minutes in the jury room after the hearing was concluded. Following what appears to have been a productive meeting, Mssrs. Cole, Manta, and Miller informed chambers' staff that they had resolved their differences, and have agreed to provide all outstanding discovery <u>and</u> to mediate within thirty (30) days.

## II. <u>DISCUSSION</u>

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); <u>and</u> <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Moreover, the parties and their counsel having previously been warned of what might follow any further failure to comply with the Rules of Civil Procedure, the Local Rules, and this Court's Orders, the imposition of monetary sanctions is appropriate if in the Court's discretion such sanctions are otherwise warranted. See, e.g., <u>Hathcock</u>, 55 F.3d at 40 (emphasizing importance of both establishing a history of malfeasance and warning to offending party); <u>Goodwin & Boone</u>, 11 F.3d at 473 (same); <u>and</u> <u>Lolatchy</u>, 816 F.2d at 953 (same).

Applying these principles to the record in this case, the undersigned concludes as an initial matter that the Defendants' "Second Motion to Compel Supplemental Discovery Responses" and the Plaintiffs' "Second Motion to Compel Discovery" should be <u>denied as moot</u>. Indeed, those Motions seek the same relief that the respective parties were <u>granted</u> in the Court's May 17, 2006

"Memorandum and Order," which, as discussed above and below, remains in full force and effect and with which the parties and their counsel will be required to comply.

Concerning the Plaintiffs' "Third Motion to Compel," which addresses their attempts to depose Defendants Lockerd, Kasporwicz, Rickart and Romo, the Motion will be <u>granted</u> as to Mr. Lockerd and Mr. Kasporwicz. Concerning Mssrs. Rickart and Romo, Mr. Manta, Mr. Cole, and Mr. Lockerd will be <u>ordered</u> to make a diligent, good faith attempt to locate those parties and to report both the efforts they made and their results. Furthermore, Mr. Manta and Mr. Cole are reminded that they remain counsel of record for all six Defendants unless and until they file a motion and are allowed by the Court to withdraw.

In light of the parties' post-hearing agreement both to resolve all outstanding discovery issues and to mediate within 30 days, and the evident softening of counsel's rhetoric during and following the hearing, the undersigned will reserve ruling upon the issue of whether to order counsel to return attorney's fees generated by nonfeasance or misfeasance during the thrice-extended discovery period.

However, as ordered below, counsel may <u>not</u> seek reimbursement or payment from the parties for their time, travel expenses, and other costs related to preparing for or attending the September 19, 2006 hearing (or for any time or expenses incurred by other attorneys or staff in their firms). Nor may counsel bill their clients for time or expenses incurred (again, by themselves, other members of their firms, or staffs) on or after September 19, 2006, which time or expenses are to achieve full compliance with this "Memorandum and Order" or the Court's May 17, 2006 "Memorandum and Order" (document #72), that is, for time or expenses required to bring their clients into long-overdue compliance with the rules governing discovery in federal civil litigation

and with the Court's explicit Orders in this case.

## III. ORDER

**FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED:**

1. The "Plaintiffs' Motion to Strike Defendants' Improper Letter" (document #96) is **DENIED**.

2. "Defendants' Second Motion to Compel Supplemental Discovery Responses" (document #83) and "Plaintiffs' Second Motion to Compel Discovery" (document #85) are **DENIED**. However, the relief **GRANTED** in the May 17, 2006 "Memorandum and Order" (document #72) is **AFFIRMED**, that is, on or before November 1, 2006:

   a. the individual Defendants shall serve formal responses to the Plaintiffs' Interrogatories, by either adopting the responses previously served by Defendant Automax, LLC, or by providing their individual, properly verified responses to the subject Interrogatories;

   b. the corporate <u>and individual</u> Defendants shall produce to the Plaintiffs copies of all documents responsive to the Plaintiffs' Request for Production of Documents, including written responses that identify which Defendant is producing specific documents and to which request each document responds; and

   c. the Plaintiffs shall serve complete supplemental responses to the Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions, or otherwise assure the Court that they have previously fully responded to these discovery requests.

3. On or before November 10, 2006, counsel shall jointly or severally report to the Court

whether the subject documents and responses have been provided/received, and shall also report on their progress in mediating this matter. Should the parties desire the Court to appoint or assist in selecting a mediator, they may request the same by contacting the undersigned's Law Clerk, David Grigg, at 704-350-7473, <u>although any such request should be made before October 6, 2006</u>.

4. The "Plaintiffs Third Motion to Compel" (document #87) is **GRANTED IN PART** and **DENIED IN PART**, that is, at a date, time and place mutually agreeable to the parties, but no later than December 1, 2006, Defendants Craig Lockerd and Ernie Kasporwicz shall appear for their respective depositions. Mr. Lockerd and lead defense counsel, Mark J. Manta, shall promptly and in good faith attempt to locate Defendants Mark Rickart and Gene Romo, <u>and on or before November 10, 2006</u>, shall report both to the Court and to Plaintiffs' counsel their efforts to locate those parties and the results of that search.

5. As detailed above, counsel shall not bill their clients for their time and expenses incurred in preparing for or attending the September 19, 2006 hearing, or for whatever time and expenses are required to bring themselves and their clients into full compliance with this "Memorandum and Order" or the May 17, 2006 "Memorandum and Order" (document #72). This prohibition shall <u>not</u> apply, however, to counsel's preparation for or representation of their respective clients at the depositions, or to any other professional services rendered which are in addition to bringing themselves and their clients into full compliance with regard to the discovery deficiencies addressed herein.

6. The discovery deadline is extended – for the fourth time – to January 15, 2007, and the dispositive motions deadline is extended to February 15, 2007.

7. The Clerk is directed to send copies of this "Memorandum and Order" to counsel for the

parties; <u>and to the Honorable Frank D. Whitney.</u>

       **SO ORDERED**.

                                  Signed: September 21, 2006

                                  */s/ Carl Horn, III*
                                  Carl Horn, III
                                  United States Magistrate Judge