**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:03CV126-W**

| | |
|---|---|
| PETER FERRIGAN and WORLDWIDE ) CONSULTING SERVICES, INC., ) )     Plaintiffs, ) )     vs. ) _____ ) AUTOMAX, LLC, CRAIG LOCKERD, ) GLEN CRAWFORD, ERNIE ) KASPORWICZ, MARK RICKART and ) GENE ROMO, ) )     Defendants. ) _____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Defendants' Motion for Leave to Amend Counterclaim" (document #104) filed November 22, 2006; "Defendant's Motion for Protective Order" (document #105) filed November 27, 2006; and the Plaintiff's "Motion for Contempt" (document #108) filed December 1, 2006; as well as the associated briefs and exhibits.[1]

Pursuant to 28 U.S.C. §636(b)(1)(B), this matter has been referred to the undersigned Magistrate Judge, and these Motions are ripe for determination.

Having carefully considered the arguments of counsel, the record, and the applicable authorities, the Court will <u>deny</u> the "Defendants' Motion for Leave to Amend Counterclaim" and "Motion for Protective Order," and will <u>grant in part</u> and <u>deny in part</u> the Plaintiff's "Motion for Contempt," as discussed below.

---

[1]On December 15, 2006, the Plaintiffs also filed a "Motion to Quash Subpoena" (document 112), but later withdrew that Motion. <u>See</u> "Notice of Withdrawal" (document #114).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a copyright infringement action filed on March 1, 2003, by Plaintiffs Peter Ferrigan and his closely-held business, Worldwide Consulting Services, Inc., in which they allege that the Defendants Automax, LLC, its President Craig Lockerd, and its agents/employees Glen Crawford, Ernie Kasporwicz, Mark Rickart and Gene Romo, have infringed the Plaintiffs' registered copyright in a document entitled "Presentation and Training" which is used for training automobile sales personnel.

Relevant to the subject Motions, on August 20, 2003, the Defendants filed their Answer, and Defendant Automax filed Counterclaims for deceptive trade practices under the Lanham Act, 15 U.S.C. § 1114, et. seq., and state law claims for defamation and intentional interference with contract, contending that the Plaintiffs have, among other things, stated falsely on their Internet website that Automax has violated their copyright.

On August 19, 2004, the Plaintiffs served their "First Set of Interrogatories" and "First Request for Production of Documents." At about the same time, the Plaintiffs also began to request informally that the Defendants provide convenient dates for their depositions.

On December 12, 2004, having received no response to their written discovery requests, the Plaintiffs filed their first Motion to Compel (document #50).

In response to the Plaintiffs' Motion to Compel, the Defendants represented that they had responded or were in the process of responding to the outstanding discovery requests.

On January 20, 2005, the Honorable Graham C. Mullen, the District Judge to whom this case was then assigned, denied the Plaintiffs' Motion, relying on representations in the Defendants' responsive brief that an Order compelling production was unnecessary. See "Order" (document

#52).[2]  As the Court has concluded previously, it is clear that the Defendants' representation to Judge Mullen that the outstanding discovery had been provided was simply untrue.  See "Memorandum and Order" at 3 (document #99).

On February 2, 2005, and after the Defendants belatedly proposed February 8, 9, and 10, 2005 as dates convenient to them, the Plaintiffs served a "Notice of Deposition" for the deposition of each individual Defendant, as well as the Rule 30(b)(6) deposition of Automax.  See "Notice(s) of Deposition" (documents ##55-60).  Importantly, the Notices stated that the depositions would be taken in Charlotte, North Carolina.  Although the Defendants subsequently refused to appear for the depositions, it is undisputed that their only stated basis for not appearing as they had earlier agreed to do was the parties' ongoing dispute concerning paper discovery, discussed above and below.  More specifically, the Defendants lodged no objection at that time to appearing in Charlotte, either then or on whatever date the depositions would later be rescheduled.

On February 18, 2005, the Plaintiffs renewed their first Motion to Compel through a "Motion for Reconsideration," contending that Defendant Automax had improperly submitted a single set of responses to the Plaintiffs' Interrogatories purportedly on behalf of all Defendants, and that none of the Defendants had produced any of the requested documents.

On March 7, 2005, the Defendants filed their first Motion to Compel, alleging generally that the Plaintiffs' responses to Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions were also incomplete.  In response to the Plaintiffs' Motion to Compel, the Defendants also contended, incorrectly as a matter of law, that the Plaintiffs' Interrogatories

---

[2]On June 17, 2005, this matter was reassigned to the Honorable Robert J. Conrad, Jr., and referred to the undersigned Magistrate Judge.  On July 7, 2006, the case was reassigned to the Honorable Frank D. Whitney.

propounded to Automax and the individual Defendants were "virtually identical," and therefore a a single response was sufficient. The Defendants further advised that all responsive documents were available for copying at the Plaintiffs' expense.

In their Response to the Defendants' Motion to Compel, filed March 25, 2005, the Plaintiffs represented that they had by that date fully responded to the Defendants' discovery requests.

Contrary to their representations to the Court, however, counsel were unable to resolve their discovery disputes, conducting no other discovery in the interim. On May 16, 2006, the date the discovery period was due to expire, the Plaintiffs filed their "Motion to Extend [the] Discovery Deadline" (document #71) to July 15, 2006, which Motion also brought to the attention of the undersigned the then-outstanding discovery Motions and unresolved disputes.

The next day, on May 17, 2006, the Court <u>granted in part</u> and <u>denied in part</u> the parties' Motions, <u>ordering</u> the individual Defendants to serve formal responses to the Plaintiffs' Interrogatories no later than June 9, 2006 , by either adopting the responses previously served by Defendant Automax, LLC, or through individual responses to the Interrogatories, <u>and</u> to produce (at their expense) all documents responsive to the Plaintiffs' Request for Production of Documents. Similarly, by the same date, the Plaintiffs were <u>ordered</u> to serve complete supplemental responses to the Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions, or otherwise to assure the Court that they had fully responded to those discovery requests. <u>See</u> "Memorandum and Order" (document #72) at 4-5. The May 17, 2006 "Memorandum and Order" also extended the discovery deadline to July 15, 2006 and the dispositive motions deadline to August 15, 2006. <u>Id.</u> at 5.

In the same Order, the Court:

specifically caution[ed] the parties <u>and their respective counsel</u> that any further failure to respond to the opposing parties' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include the parties and/or their counsel being required to pay the opposing parties' costs, including reasonable attorney's fees, and <u>may also include entry of judgment in favor of the opposing parties</u>**.

<u>Id.</u> at 4 (emphasis in original).[3]

The Plaintiffs allege, and the Defendants do not dispute, that they did not respond to the Plaintiff's continuing attempts to schedule the Defendants' depositions, forcing the Plaintiffs to notice those depositions unilaterally, which they did by Notices of Deposition served June 28, 2006. <u>See</u> "Notice(s) of Deposition" (documents ##77-82). The Notices directed the Defendants to appear in Charlotte for depositions to be taken beginning July 12 and continuing through July 14, 2006. Although the Defendants again refused to appear, they raised no objection to appearing in Charlotte, again citing only the parties' protracted discovery dispute as justification for further delay of the depositions.

On June 30, 2006, the Defendants filed their "Second Motion to Compel," contending that the Plaintiffs had violated the Court's earlier Order by serving supplemental responses which included belated objections to the Defendants' discovery requests and/or by giving responses which were otherwise incomplete. In their "Response" to this Motion, the Plaintiffs stated generally that they had complied with the Court's Order and that the Defendants' allegations to the contrary were "<u>false</u>." Document #88 at 4 (emphasis in original).

---

[3]The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing sanctions. <u>See, e.g.</u>, <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).

On July 7, 2006, the Plaintiffs filed their "Second Motion to Compel Discovery," alleging that although the Defendants had produced some documents, they had not labeled those documents or otherwise indicated which Defendant was producing them or to which Request to Produce specific documents responded; and that only Defendant Crawford had filed responses to their Interrogatories.

On July 12, 2006, the Plaintiffs filed their "Third Motion to Compel," complaining that Defendants Lockerd, Kasporwicz, Rickart and Romo had refused to appear for their depositions noticed to be taken in Charlotte, North Carolina.

In the Defendants' Response to the Plaintiffs' Second Motion to Compel, Mr. Manta contended (despite the fact that he had appeared as counsel of record for every Defendant through that point in the litigation) that he could not "locate" Defendants Kasporwicz, Rickart, and Romo – which somehow led Mr. Manta to believe that he no longer represented them;[4] and conceded that he had neglected to have Defendant Lockerd's responses to the Interrogatories properly verified. Concerning the Plaintiffs' Third Motion to Compel, the Defendants accused Mr. Miller of seeking to gain an unfair advantage in this litigation by deposing the Defendants without first responding to their written discovery requests.

Concluding that there was no other avenue for resolving these factual discrepancies and getting this litigation "back on track," the undersigned scheduled a hearing, which was conducted, as previously noted, on September 19, 2006. See "Order" filed August 8, 2006 (document #95) (ordering counsel and parties to attend hearing).

_____

[4]Equally mysterious and unexplained, somehow between filing the Response on July 21, 2006 and the September 19, 2006 hearing, Mr. Manta came to believe he once again represents Mr. Kasporwicz – although, as noted, only one of the three individual Defendants Mr. Manta understood himself to represent complied with the Court's Order to appear at the September 19 hearing.

On September 18, 2006, Mr. Manta sent a six-page letter by overnight mail to the undersigned's chambers, which the Court had not requested and which in the main merely rehashed the Defendants' earlier written arguments. Mr. Manta did emphasize one additional fact in this letter: that he had been unable to fully respond to the Plaintiffs' discovery requests, in part, because certain responsive documents are in the possession of his former law firm, which will not release those documents due to an ongoing fee dispute with Automax. See document #98.

In response to Mr. Manta's letter, the Plaintiffs filed their "Motion to Strike Defendants' Improper Letter." Although it made no material contribution to the subject discovery disputes, the undersigned considered Mr. Manta's letter, and Mr. Miller was given an opportunity to respond to it, during the hearing. Accordingly, the Plaintiffs' Motion to Strike was denied.

On September 19, 2006, the undersigned conducted the hearing, which was attended by the Plaintiffs and their counsel, Jason S. Miller; and Defendants Automax, LLC, and Craig Lockerd, and Mark J. Manta, lead counsel of record for all Defendants, and John D. Cole, local defense counsel. Despite the fact that they had been ordered to attend the hearing, Defendants Glen Crawford, Ernie Kasporwicz, Mark Rickart and Gene Romo did not appear.

During the hearing, Mr. Manta stated that Mr. Lockerd still wished for him to represent Mr. Kasporwicz, who had recently been "re-located," and consequently, that Defendants Rickart and Romo were the only Defendants that he deemed himself not to represent. Notwithstanding Mr. Manta's legally unsupported opinion of who were his clients, he conceded that he had made no attempt to withdraw from representing any of the six Defendants, only two of whom (Mr. Lockerd in his personal capacity and on behalf of Automax) attended the hearing as ordered, and he offered no explanation of why two of the individual Defendants he acknowledged representing were absent

in violation of the Court's August 8, 2006 Order.

Mr. Miller also credibly accused Mr. Manta of failing to answer most of approximately twenty letters addressing the subject discovery disputes – and with failing to return a single of numerous telephone calls (on the same subjects) <u>for more than one year</u>. In response, Mr. Manta stated only that he had responded to the Plaintiffs' Motions to Compel and deposition notices, essentially conceding that he had responded to few, if any, of Mr. Miller's attempts to resolve the subject discovery disputes informally. Indeed, Mr. Manta could recall only one occasion in the past year when he had spoken to Mr. Miller on the telephone, and that was in a call placed by Mr. Manta to discuss settlement. Mr. Miller also asserted, and Mr. Manta tacitly agreed, that despite being required by Local Rule 7.1(A) to address the Plaintiffs' allegedly insufficient discovery responses informally prior to filing either of the Defendants' Motions to Compel, Mr. Manta never raised those issues with Mr. Miller.[5]

At no time prior to or during the hearing did Mr. Manta raise or address the question of the location of the Defendants' depositions, much less object to them being taken in Charlotte, as they had, at that time, been twice noticed.

The fault for the parties' and their counsels' failure to communicate does not, however, lie entirely with Mr. Manta. To the contrary, concerning the Defendants' production of unlabeled, unidentified documents, Mr. Manta maintained, and Mr. Miller did not dispute, that those documents were produced more than two years ago but that he had only "recently" complained that they were not properly marked.

---

[5]Local Rule 7.1(A) provides in relevant part that "[a]ny motions ... should show that counsel have met and attempted to in good faith to resolve areas of disagreement...."

Moreover, although Mr. Manta's failure to communicate with or to respond to counsel was prolonged and egregious, it in no way justified <u>Mr. Miller's</u> failure to comply fully with the Court's Orders. Nevertheless, Mr. Miller offered Mr. Manta's failure to communicate as the only purported justification for his (Mr. Miller's) untimely objections and his failure to comply fully with his clients' own discovery obligations. In addition to the shortcomings highlighted in Mr. Manta's recent letter – the Plaintiffs' failure to produce copyright information, telephone and fax records, and tax returns, for example – Mr. Manta also credibly stated that the Plaintiffs had failed to produce lists of customers, employees, independent contractors, and complaints which were within the scope of the Defendants' written discovery requests.[6]

Similarly, although the Defendants had been <u>ordered</u> to respond to all outstanding discovery on or before June 9, 2006, Mr. Manta conceded that the Defendants had still not served proper responses to the Plaintiffs' Requests for Production of Documents, that is, a written response properly identifying the documents previously "dumped" on the Plaintiffs, that he had not yet corrected his earlier error of submitting an unverified response on behalf of Defendant Lockerd, and that he had not submitted any responses to the Plaintiffs' Interrogatories from the <u>other</u> four individual Defendants – in direct disobedience of the Court's May 17, 2006 Order.

After hearing from and questioning Mr. Manta and Mr. Miller, the Court admonished both counsel for their unprofessional, contentious, and generally unpleasant conduct in this litigation. The undersigned also recommended that counsel not delay in attempting to resolve their remaining

---

[6]As to the copyright documents and telephone/fax records, Mr. Miller offered that the Plaintiffs are willing to execute releases authorizing the Defendants to obtain those documents directly from their respective custodians, the United States Copyright Office and BellSouth, and that after discussion among counsel, the remaining matters could be resolved.

discovery disputes among themselves.

Counsel, along with Mr. Ferrigan and Mr. Lockerd, followed the Court's suggestion, meeting for approximately 90 minutes in the jury room after the hearing was concluded. Following what then appeared to have been a productive meeting, Mssrs. Cole, Manta, and Miller informed chambers' staff that they had resolved their differences, and had agreed to provide all outstanding discovery and to mediate within thirty (30) days.

Accordingly, and in reliance on the parties' and their counsels' assertions that they intended to fulfill their respective discovery obligations in any event, on September 21, 2006, the Court entered a "Memorandum and Order" denying the "Defendants' Second Motion to Compel Supplemental Discovery Responses" (document #83) and the "Plaintiffs' Second Motion to Compel Discovery" (document #85), and concerning paper discovery, simply reaffirmed (with an extended deadline) the relief granted in the Court's May 17, 2006 "Memorandum and Order" (document #72). Specifically, the Court ordered that:

> 2. ... [O]n or before November 1, 2006:
>
> a. the individual Defendants shall serve formal responses to the Plaintiffs' Interrogatories, by either adopting the responses previously served by Defendant Automax, LLC, or by providing their individual, properly verified responses to the subject Interrogatories;
>
> b. the corporate and individual Defendants shall produce to the Plaintiffs copies of all documents responsive to the Plaintiffs' Request for Production of Documents, including written responses that identify which Defendant is producing specific documents and to which request each document responds; and
>
> c. the Plaintiffs shall serve complete supplemental responses to the Defendants' Interrogatories, Request for Production of Documents, and Request for Admissions, or otherwise assure the Court that they have previously fully responded to these discovery requests...

3. On or before November 10, 2006, counsel shall jointly or severally report
to the Court whether the subject documents and responses have been provided/received, and shall also re[

Document #99 at 11-12.

Concerning the Defendants' depositions, and Mr. Manta's apparent inability to locate his own

clients, the Court <u>granted in part</u> and <u>denied in part</u> the "Plaintiffs Third Motion to Compel"

(document #87), <u>ordering</u> that:

> at a date, time and place mutually agreeable to the parties, but no later than December
> 1, 2006, Defendants Craig Lockerd and Ernie Kasporwicz shall appear for their
> respective depositions. Mr. Lockerd and lead defense counsel, Mark J. Manta, shall
> promptly and in good faith attempt to locate Defendants Mark Rickart and Gene
> Romo, <u>and on or before November 10, 2006</u>, shall report both to the Court and to
> Plaintiffs' counsel their efforts to locate those parties and the results of that search.

<u>Id.</u> at 12.

As indicated at the conclusion of the September 19 hearing, the Court also prohibited counsel

from

> bill[ing] their clients for their time and expenses incurred in preparing for or
> attending the September 19, 2006 hearing, or for whatever time and expenses are
> required to bring themselves and their clients into full compliance with th[e
> September 21, 2006] "Memorandum and Order" or the May 17, 2006 "Memorandum
> and Order" (document #72). This prohibition shall <u>not</u> apply, however, to counsel's
> preparation for or representation of their respective clients at the depositions, or to
> any other professional services rendered which are in addition to bringing themselves
> and their clients into full compliance with regard to the discovery deficiencies
> addressed [in the September 21, 2006 Memorandum and Order].

Document #99 at 12.

Rather than impose further sanctions at that time, however, the Court counseled the parties

and their respective counsel that

> [i]n light of the parties' post-hearing agreement both to resolve all outstanding
> discovery issues and to mediate within 30 days, and the evident softening of
> counsel's rhetoric during and following the hearing, the undersigned will reserve

ruling upon the issue of whether to order counsel to return attorney's fees generated by nonfeasance or misfeasance during the [then] thrice-extended discovery period.

Id. at 10.

Finally, following the hearing, the Court extended the discovery deadline – for the fourth time – to January 15, 2007, and the dispositive motions deadline to February 15, 2007. Id. at 12.

For a brief time, it appeared that the hearing (particularly, the Court's stern admonitions of counsel) had had its intended restorative effect on the discovery process in this case. It is undisputed that either in their conversation immediately following the hearing or sometime shortly thereafter, the parties agreed upon November 27, 28 and 29, 2006 as the dates for the Plaintiffs to depose the Defendants. At no time during these discussions, or any time prior to the mailing of Mr. Cole's November 9, 2006 letter, discussed below, did the Defendants object to appearing in Charlotte.

On November 1, 2006, the date that the Defendants' supplemental responses to the Plaintiffs' written discovery requests were due, Mr. Mata requested and Mr. Miller agreed to an informal, one-week extension to November 8, 2006.   On or shortly before that extended deadline, Mr. Manta again requested and Mr. Miller generously agreed to yet another extension, to November 13, 2006, which was also the parties' deadline for reporting to the Court their progress concerning written discovery and mediation.

On November 13, 2006, the Defendants' served their supplemental responses, which Mr Miller understandably did not have time to review thoroughly prior to the filing of the parties' "Joint Report," discussed below, later that day.

The same day, Mr. Manta  filed a "Status Report" informing the Plaintiffs and the Court that he had made a good faith effort to locate Defendants Romo and Rickart, including sending certified

letters to their last known mailing addresses, but had not received a response from or otherwise been able to locate either of those Defendants. Shortly thereafter, and with the Plaintiffs' consent, the Court permitted Mr. Manta to withdraw from representing Defendants Romo and Rickart. <u>See</u> "Order" (document #103) (<u>granting</u> Mr. Manta's Motion to Withdraw).

Later on November 13, the parties filed their "Joint Report," which stated that the Plaintiffs and the other Defendants (Automax, Lockerd, Kasporwicz, and Crawford) had served supplemental discovery responses; that counsel were then evaluating the opposing parties' responses to determine if they were "sufficient"; and that on October 5, 2006, the same parties had engaged in a mediated settlement conference with Francis M. Pinckney serving as mediator, that lasted five hours but had ultimately ended in an impasse. <u>See</u> Document #101.

This short-lived period of arguable "tranquility" came to an end, however, almost immediately following the submission of the parties' Joint Report. In a letter mailed by Mr. Cole on Thursday, November 9, 2006, but that Mr. Miller apparently did not receive until after the parties' Joint Report was filed on Monday, November 13,[7] the Defendants <u>for the first time</u> objected to appearing for their depositions in Charlotte, and insisted instead that their depositions would be taken only at Automax's New Jersey office, citing the expense of traveling to Charlotte as the basis for the objection.

Moreover, upon closer examination, it became clear that the Defendants' discovery responses were still insufficient. Rather than provide complete responses, the Defendants yet again interposed baseless and previously-overruled objections that the Plaintiffs' requests were "overbroad" and

---

[7]On Friday, November 10, 2006, there would have been no mail delivery due to the observance of the Veterans' Day holiday.

"burdensome," and further objected that the Defendants would incur unnecessary expense responding to the Plaintiff's written discovery requests because they were "duplicative" of questions the Defendants might be asked during their depositions.

Despite repeated requests from Mr Miller to Mr. Manta that the Defendants comply with the Court's Order, the Defendants refused to further supplement their written discovery responses or to agree to appear for their depositions anywhere other than in New Jersey.

On the "evening" of November 21, 2006 – the Tuesday before the Thanksgiving Holiday – and despite knowing that the Defendants would not appear and that noticing the depositions was, therefore, a waste of resources, Mr. Miller served by facsimile Notices of Deposition, setting the Defendants Automax, Lockerd, Kasporwicz, and Crawford's depositions to begin on November 27, 2006 – the Monday after Thanksgiving – in Charlotte.

On November 22, 2006, Defendant Automax filed its "Motion for Leave to Amend Counterclaim," contending that the same facts that allegedly support its Counterclaim under the Lanham Act will also support a counterclaim under state law for unfair and deceptive trade practices. The Defendant offers no explanation, other than the parties' protracted discovery disputes, for why it delayed more than three years in moving to amend.

On November 27, 2006, Mr. Manta contacted Mr. Miller by telephone and stated that the noticed Defendants were present with him in New Jersey and were ready to testify via telephone. Mr. Miller declined  and terminated the depositions.

Later that day, the Defendants filed their "Motion for Protective Order," asking that the Court require the Plaintiffs to depose them in New Jersey, or that in the alternative, that the Plaintiffs compensate them for the expense of traveling to Charlotte for depositions.

On December 1, 2006, the Plaintiffs filed their "Motion for Contempt," in which they seek an Order <u>holding</u> the Defendants in contempt and <u>compelling</u> them to respond to the Plaintiffs' discovery requests, appear for their depositions, and pay the Plaintiffs' related attorneys' fees and other reasonable expenses.

The parties' Motions have been fully briefed and are, therefore, ripe for determination.

## II. DISCUSSION

### A. Motion for Leave to Amend

It is well settled that "the grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Pittston Co. v. United States</u>, 199 F.3d 694, 705 (4th Cir. 1999). Generally, "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000).[8] In other words, district courts may deny leave to amend for reasons "such as undue delay, bad faith or dilatory motive." <u>Glaser v. Enzo Biochem, Inc.</u>, 464 F.3d 474, 480 (4th Cir. 2006).

As discussed above, Defendant Automax moves to amend, that is, to add an additional Counterclaim, more than three years after it filed its Answer and Counterclaims, and offers no legally sufficient justification for its failure to move to amend in a timely fashion. Rather, the Defendant concedes that it has had knowledge of the alleged facts (the Plaintiffs' false statement on its website that Automax had violated the Plaintiffs' copyright) it contends support a state law claim for unfair and deceptive trade practices since sometime before it filed its initial pleading on August 20, 2003.

---

[8]Federal Rule of Civil Procedure 15(a) provides in relevant part that:

a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Under other circumstances not present here, and in light of the latitude that is otherwise given requests for leave to amend, the Court might overlook even a lengthy delay in submitting a new claim. In this case, however, where the Defendants' and their counsel's conduct has had if not the purpose, at least the effect, of delaying this litigation for years, including failing to communicate with opposing counsel for more than one year and otherwise refusing to cooperate in discovery in even an arguably reasonable manner, and has also included at least one misstatement to the Court (the Defendants' initial, totally false assurance to Judge Mullen that it had adequately responded to the Plaintiffs' written discovery requests), the Court will exercise its discretion to prevent any additional delay through the addition of another claim. Accordingly, Defendant Automax's Motion for Leave to Amend its Counterclaim will be denied.

### B. Cross Motions for Protective Order and for Contempt

As the Court has previously warned the parties and their counsel, the Rules of Civil Procedure relating to discovery are self-enforcing, that is, having been previously warned of what might follow any further failure to comply with the Rules of Civil Procedure, the Local Rules, and this Court's Orders, the imposition of sanctions, including monetary sanctions and entry of judgment against the offending party, is appropriate if in the Court's discretion such sanctions are otherwise warranted. See, e.g., Hathcock, 55 F.3d at 40 (emphasizing importance of both establishing a history of malfeasance and warning to offending party); Goodwin & Boone, 11 F.3d at 473 (same); and Lolatchy, 816 F.2d at 953 (same). Moreover, it is clear from the record, after conducting a hearing, unequivocally upbraiding the parties and their counsel for their behavior, and imposing limited monetary sanctions against Mr. Miller and Mr. Manta only, that more significant monetary

sanctions against both Defendant Automax and both defense counsel are required in order to induce them to comply with their obligations in this litigation.

Indeed, the undersigned's earlier leniency towards the Defendants and Mr. Manta following the September hearing, which was the product primarily of the parties' and their respective counsel's assurances that they had resolved their differences concerning discovery, was undeserved. Rather, it appears that on the day of the hearing, either Defendant Lockerd (Automax's President) or Mr. Manta, or both, seized upon their opportunity to discuss their discovery disputes informally with the Plaintiffs and Mr. Miller not as a chance to put aside their former behavior and seek a real resolution to these issues, but rather as an opportunity to avoid more severe sanctions that were then otherwise imminent and, moreover, to delay this litigation further.

In other words, although they "assured" the Court that they had resolved their differences with the Plaintiffs concerning discovery, once they escaped the "crucible" of the hearing, the Defendants promptly reverted to their former shoddy behavior. Rather than work reasonably with the Plaintiffs to schedule depositions, as they had promised the Court they would do, Mr. Manta and his clients raised a new, belated objection to being deposed in Charlotte, despite having been on notice for nearly two years that the Plaintiffs intended to depose them here, rather than in New Jersey. Similarly, instead of serving complete supplemental discovery responses, as they twice previously had been <u>ordered</u> to do, the Defendants objected to the Plaintiffs' requests, including making the unsupported assertion that propounding written discovery followed by a deposition on the same topic was improperly "duplicative" and unduly expensive. To the contrary, in order for the Plaintiffs to meaningfully depose the Defendants, the Plaintiffs must first have an opportunity to review the Defendants' <u>complete</u> written discovery responses.

In contrast, with the exception of serving pointless deposition notices over a holiday weekend, the Plaintiffs and Mr. Miller appear to have conducted themselves professionally and otherwise reasonably since the September 19 hearing.

Accordingly, the Court will <u>deny</u> the Defendants' Motion for Protective Order and <u>grant in part</u> and <u>deny in part</u> the Plaintiffs' Motion for Contempt, <u>granting</u> the Plaintiffs the relief they seek, including monetary sanctions, except that the Court will not enter a finding, <u>at this time</u>, that the Defendants, Mr. Manta and/or Mr. Cole are in contempt of court. Mr. Manta will again be prohibited from seeking reimbursement from the Defendants for time or expenses that have been incurred since the date of the hearing or will be incurred (by himself, other members of his firms, or staff), as for the first time will be Mr. Cole, which time or expenses were or are related to the Defendants' responses to the Plaintiffs' written discovery requests, the scheduling of the Defendants' depositions, preparation and prosecution of and/or response to the Defendants' Motion for Protective Order or the Plaintiffs' Motion for Contempt, or that are necessary to achieve full compliance with the rules governing discovery in federal civil litigation and with the Court's explicit Orders in this case. Further, if Mr. Manta or Mr. Cole have been compensated for these services they will be required to return any fees already received.

Likewise, Defendant Automax will be required reimburse the Plaintiffs for similar costs and expenses (including attorneys' fees and expenses) that the Plaintiffs have incurred since the date of the hearing through this date and that relate to the preparation and prosecution of and/or response to the Defendants' Motion for Protective Order or the Plaintiffs' Motion for Contempt, obtaining the Defendants' responses to the Plaintiffs' written discovery requests, and/or scheduling the Defendants' depositions. Provided, however, that the Plaintiffs may <u>not</u> recover the attorneys' fees

and expenses that were incurred related to the preparation and service of the November 21, 2006 Notices of Depositions, including any attorneys' fees, court reporter fees, or other expenses incurred in regard to the depositions scheduled for November 27, 2006.

Finally, the Defendants' depositions, ordered below, will be conducted in Charlotte, North Carolina, and the parties will bear their own costs incurred attending those depositions.

## III. ORDER

**FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED:**

1. The "Defendants' Motion for Leave to Amend Counterclaim" (document #104) and "Motion for Protective Order" (document #105) are **DENIED**.

2. The Plaintiff's "Motion for Contempt" (document #108) is **GRANTED IN PART** and **DENIED IN PART**, that is

    a. On or before February 15, 2007:

    (1) the individual Defendants shall serve formal responses to the Plaintiffs' Interrogatories, complete and without objection, by either adopting the responses previously served by Defendant Automax, LLC, or by providing their individual, properly verified responses to the subject Interrogatories; and

    (2). the corporate and individual Defendants shall produce to the Plaintiffs copies of all documents responsive to the Plaintiffs' Request for Production of Documents, complete and without objection, including written responses that identify which  Defendant is producing specific documents and to which request each document responds.

b.  At a date and time mutually agreeable to the parties, but no later than March 15, 2007, Defendants Automax, Lockerd, Kasporwicz and Crawford shall appear for their respective depositions at a location in Charlotte, North Carolina to be designated by the Plaintiffs.

3.  Neither Mr. Manta nor Mr. Cole shall bill the Defendants for the time and expenses detailed above, and shall refund payments for any such expenses to the Defendants which either counsel has already received.  This prohibition shall <u>not</u> apply, however, to counsel's preparation for or representation of his clients at the depositions, or to any other professional services rendered which are in addition to bringing himself and his clients into full compliance with regard to the discovery deficiencies addressed herein.

4.  Mr. Miller shall promptly serve on Mr. Manta and Mr. Cole an Affidavit setting forth the Plaintiffs' subject attorneys' fees, including a breakdown of the time (whether expended by Mr. Miller and/or members of his firm) and the hourly rate(s) that were (or would be) billed to the Plaintiffs, as well as other costs that the Plaintiff has incurred as detailed above, and <u>Mr. Manta and Mr. Cole shall promptly serve copies of both the Affidavit and this Memorandum and Order on the Defendants.</u>

5.  <u>Within 45 days of receipt of said Affidavit by Mssrs Manta and Cole, Defendant Automax shall remit directly to Plaintiffs' counsel the full amount of the Plaintiffs' attorneys' fees and costs as stated in the Affidavit.</u>

6.  The discovery deadline is extended  to April 15, 2007, and the dispositive motions deadline is extended to May 15, 2007.

7.  The Clerk is directed to send copies of this "Memorandum and Order"  to counsel for the

parties; and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: January 9, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge